IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRIAN L. BREESE                                                                                    PLAINTIFF
# 203404

v.                                            3:23-CV-00215-LPR-JTK

KIVEN BELL, et al.                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     Introduction**

Brian L. Breese ("Plaintiff") is in custody at the Randolph County Detention Center (the "Detention Center"). Plaintiff filed pro se Complaint[1] pursuant to 42 U.S.C. § 1983 against Detention Center Administrator Shawna Pfeffer and Sheriff Kevin Bell (collectively "Defendants") in their official capacities only. (Doc. No. 2 at 1-2). He also filed a Motion to Proceed in forma pauperis, which was granted. (Doc. Nos. 1, 4). The Court screened Plaintiff's

---

[1] Two other individuals are listed as plaintiffs on the Complaint. (Doc. No. 2 at 1, 5). The Clerk of the Court opened a separate action for each additional plaintiff. The related cases are Hampton v. Bell, et al., 3:23-cv-00216-LPR-JTK (E.D. Ark.) and Simington v. Bell, et al., 3:23-cv-00217-LPR-JTK (E.D. Ark.).

Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute and found that Plaintiff's allegations failed to state a claim upon which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed an Amended Complaint, and the time for doing so has passed.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   Discussion

####   A.      Plaintiff's Complaint

Plaintiff sued Defendants Shawna Pfeffer and Kiven Bell in their official capacities only. (Doc. No. 2 at 2).   His brief statement of claim reads as follows:

> On or about September 13, 2023 we were moved from Fpod to Bpod and were placed in a moldy cell #102 and informed Cody Pirkens, Jim Roedell, Jewl unknown last name about the mold.   Brian Breese and Doyle Hampton had asked to be moved outta that cell and were forced to go stay in cell # 102.   We then had Brian Breese show the mold to his girlfriend.   She then took screen shots of the mold on a video chat on the facility kiosk.   Then days later we were moved back to Fpod where we currently are in Fpod.   The drain is pushing up sewer gas and the wall is leaking large amounts of water under the wall.

(Id. at 4).

Plaintiff seeks injunctive relief.   (Id. at 5).

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted.

####   B.      Official Capacity Claims Under 42 U.S.C. § 1983

Plaintiff sued Defendants in their official capacities only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."   Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's official capacity claims are the equivalent of claims against Randolph County.

A municipality like Randolph County is a "person" as that term is used in 42 U.S.C. § 1983.   For the purposes of Plaintiff's claims here, the Defendants are Randolph County. Plaintiff can establish liability against Randolph County by showing that a constitutional violation was the result of an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom.   Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir.

2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).  This is standard applies equally to requests for injunctive relief.  See Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006).  A municipality may not be held liable "solely because it employs a tortfeasor." Szabla v. City of Brooklyn Park, Minnesota, 486 F.3d 385, 389 (8th Cir. 2007).

Plaintiff alleges unlawful conditions of confinement.  But he has not alleged that an official policy promulgated by Defendants was the moving force behind the alleged violation of his rights. Plaintiff also has not alleged facts indicating that Defendants personally were deliberately indifferent to or tacitly authorized an unlawful unofficial custom. And Plaintiff has not asserted any failure to train or supervise evidenced by a pattern of similar unconstitutional violations of which Defendants were aware.   As pled, Plaintiff's allegations fail to state an official capacity claim on which relief may be granted.   Because Plaintiff sued Defendants in their official capacities only, this action should be dismissed.

## IV.   Conclusion

Plaintiff's original Complaint fails to state a claim on which relief may be granted. Plaintiff was given the chance to file an Amended Complaint to cure the defects in his pleading. (Doc. No. 5).   And the Court gave Plaintiff detailed guidance as to what any Amended Complaint should contain.   (Id.).   But Plaintiff has not filed an Amended Complaint.   As such, this action should be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g); and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this Order dismissing this action and the accompanying Judgment would not be taken in good faith.

Dated this 4th day of December, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).